UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEMARCUS W. LAW (#593273), Petitioner | CIVIL ACTION NO. 1:17-CV-1068-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| DARRELL VANNOY, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Demarcus W. Law ("Law") (DOC #593273). Law is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Law challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

I.  Background

Law was convicted of second degree murder and attempted second degree murder. On April 25, 2012, Law was sentenced to consecutive terms of life imprisonment on the first count and 50 years imprisonment on the second count. State v. Law, 2012-1024 (La. App. 3 Cir. 4/3/13), 110 So. 3d 1271, 1272, writ denied, 2013-0978 (La. 11/22/13), 126 So. 3d 475.

Law raised five assignments of error on appeal: (1) incomplete record due to unrecorded bench conferences; (2) failure to grant motion for change of venue; (3) improper jury instructions; (4) insufficient evidence; and (5) improper admission of

firearms into evidence. See Law, 110 So. 3d at 1282. The conviction and sentences were affirmed on appeal.

The Louisiana Supreme Court denied Law's writ application on November 22, 2013. State v. Law, 2013-0978 (La. 11/22/13), 126 So. 3d 475. Law did not seek further review in the United States Supreme Court.

Law's application for post-conviction relief was filed on February 5, 2015. (Doc. 1-3, p. 30). Law alleges the application was submitted to the classification officer for mailing on January 29, 2015. (Doc. 1-2, p. 6). In the application, Law claimed: (1) he received ineffective assistance of counsel when counsel failed to object to the State's expert witness indirectly passing his opinion on the ultimate issue of guilt; (2) he received ineffective assistance of counsel when counsel failed to object to the trial court conducting ex parte communications with jurors outside his presence; and (3) he received ineffective assistance of counsel when counsel failed to object to the trial court erroneously charging the jury. (Doc. 1-3, pp. 22-29). The application for post-conviction relief was denied on June 3, 2015. (Doc. 1-3, pp. 30-38). Likewise, Law's writ applications were denied. State ex rel. Law v. State, 2016-0427 (La. 8/4/17), 223 So. 3d 523.

In his § 2254 petition, Law raises the following claims: (1) incomplete trial record; (2) denial of motion for change of venue; (3) defective jury instructions; (4) insufficient evidence; (5) inadmissible evidence of firearms; and (6) the ineffective assistance of counsel claims raised on post-conviction review.

II.     Law and Instructions to Amend

A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies. 28 U.S.C. § 2254(b)(1)(A); Morris v. Dretke, 413 F.3d 484, 490 (5th Cir. 2005). "The exhaustion requirement is satisfied when the substance of the federal claim is 'fairly presented' to the highest state court on direct appeal or in state post-conviction proceedings, 'even if the state court fails to address the federal claim,' Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004), or, if the federal claim is not fairly presented but the state court addresses it sua sponte, Jones v. Dretke, 375 F.3d 352, 355 (5th Cir. 2004)." Johnson v. Cain, 712 F.3d 227, 231 (5th Cir. 2013).

It is unclear whether the claims raised on appeal were premised on state or federal law. See Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001) ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights."). Law should supplement his § 2254 petition with a copy of his briefs submitted on appeal to the Third Circuit and Louisiana Supreme Court in dockets 12–1024 and 2013–KO–0978.[1]

---

[1] Law submitted a copy of his "Supplemental Reply Brief on Behalf of Appellant" (Doc. 1-3, pp. 1-2) and the brief on behalf of the State of Louisiana (Doc. 1-3, pp. 3-19) to the Third Circuit.

3

## III. Conclusion

**IT IS ORDERED** that Law amend his petition within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of October, 2017.

                                          Joseph H.L. Perez-Montes
                                          United States Magistrate Judge